## STATE *versus* TAGGART.

An indictment is properly certified by the foreman of the grand jury, although in affixing his signature, he makes use of only the *initials* of his christian name.

A motion to *quash* a *defective* indictment, may rightfully be denied.

ON EXCEPTIONS from *Nisi Prius,* HATHAWAY, J., presiding.

INDICTMENT.

The record of the Court showed that Benj. B. Smith was chosen foreman of the grand jury which found the indictment, which was certified to be a true bill by " B. B. Smith, Foreman."

The counsel for defendant seasonably moved to quash the indictment, because it did not appear to be certified by the foreman of the grand jury. That motion was denied, and defendant excepted.

*Tabor*, with whom was *Peters*, in behalf of the exceptions, cited 1 Chitty's Crim. Law, p. 32, also p. 363 of same; 3 Cowen, 463; 5 Johns. 84; 4 Johns. 119.

*Evans*, Attorney General, *contra.*

There is no law nor usage, requiring signatures, either official or otherwise, to be written out at full length. The practice of abbreviating, or using initials only, is exceedingly common, almost universal, and yet no instance can be found, it is believed, where any instrument or judicial process has been held inoperative for such cause.

Writs and executions, are in a vast number of cases signed by the clerk of the courts in this manner. The only question in any case, where a question can be raised, must be, whether it be the proper signature of the officer, it purports to be.

The *mode* of signature, whether by initial letter, or otherwise, is of no moment. Is the indictment certified by the person with his signature, who was really the foreman, is the sole question to be considered.

The Court have judicial knowledge who is the foreman of its juries. They are empannelled in open Court, and answer to their names, pronounced in full. The indictments are delivered into the Court by the person sworn and recognized by the Court as foreman, purporting to be signed by him in that capacity. They are received by the Court from the hands of the person thus signing, and who has first responded to his name, and ordered to be filed.

For authorities, if any are to be expected, upon a question like this, some may be found:—

In *State* v. *Stedman*, 7 Port. (Ala.) R. 496, cited in U. S. Dig. Supplement, vol. 2, p. 146, title Indictment, I, b, § 40, it is said, "where Alexander R. Hutcheson was appointed foreman of the grand jury, and a bill of indictment was indorsed Alexander R. Hutchinson, it was held, that if necessary, the Court would intend the two names to indicate the same person."

See *State* v. *Kean*, 10 N. H. 347.

The indictment against Professor Webster, for murder, contested on every point by his counsel, was certified "Dan'l Rhoades, Foreman." No exception to it was taken. Undoubtedly the name of the foreman on the record was "Daniel." Pamphlet Report by Dr. James V. Stone.

The bill of exceptions in the case at bar, is signed only by the initials of the christian name of the presiding Judge, with no addition of office. How are the Court to know that this is the signature of one of their number? They know officially who the Judge is, for the commission is promulgated in open Court, with the christian name in full, but how do they know that they are one and the same. Are the exceptions to be therefore dismissed? Or will not the Court rather intend the two names to indicate the same person.

APPLETON, J. — When the grand jury, after examining the evidence, have found bills of indictment, they bring them publicly into Court, the clerk calls the jurymen by name, who severally answer *to signify* that they are present; and he then asks them if they have agreed upon any bills and bids them present them to the Court. The foreman hands such bills as may have been found to the clerk, by whom they are passed to the Court.

' The records of the Court show, that Benj. B. Smith was chosen foreman of the grand jury, which found the indictment. The indictment is certified to be a true bill by B. B. Smith, foreman. The counsel for the defendant moved to quash the indictment, because it did not appear to have been certified by the foreman, which motion the Court denied.

This motion assuredly should not prevail, if the indictment was in fact signed by the foreman. There is no rule of the common law, there is no statutory provision rendering all official acts null when signed with the initial letters of the christian name of the public officer, whose signature may be required. In the celebrated case of *Commonwealth* v. *Webster*, the bill was signed by Dan'l Rhoades, fore-

State *v.* Taggart.

man, yet the objection, that here was an abbreviation of the name, was not taken. In principle no distinction is perceived between an abbreviated signature and one where only the initial letters of the christian name are used. In *Regina* v. *Dale,* 5 Eng. Com. Law and Eq. 360, it was held no objection to the validity of a recognizance to keep the peace, that it described the justices before whom it was taken by the initial letters of their christian name. "There is no authority," says ERLE, J., " for saying, that all legal proceedings in which the christian name is imper-fectly stated are null and void; nor is there any in which this objection has been taken on proceedings in the adminis-tration of the criminal law." And in the same case Lord Campbell remarked, " as to the point, that the initials only of the christian name are mentioned, it is an answer to the objection, that it has not been taken and cannot be taken in criminal proceedings."

No evidence was offered to show the signature not to be that of the foreman. No issue to that effect was tendered. The motion assumes, that from the facts that the records show the name of the foreman was Benj. B. Smith, and that the indictment was signed B. B. Smith, foreman, that the Court were bound to infer that the signature was not that of the foreman, that is, that some person other than he, had assumed and exercised his official functions, and that the grand jury had sanctioned such assumptions by allowing spurious bills signed by an intrusive foreman, to be present-ed to the Court, as the genuine result of their deliberations. Inferences so broad do not seem fairly deducible from prem-ises so narrow. Upon principle, therefore, the decision of the presiding Judge was correct. Even if the indictment had been defective, the Court was under no legal obligation to quash the indictment, for the party has his remedy by demurrer or motion in arrest. *State* v. *Stuart,* 23 Maine, 111. The exceptions present no legal ground of complaint.

*Exceptions overruled.*

SHEPLEY, C. J., and TENNEY and HOWARD, J. J., concurred.