WILLIAMS *et al.* v. SHACKLEFORD *et al.*, Appellants.

Convict. for Term. Less Than Life: ALIENATION OF PROPERTY : MORTGAGE.   By Revised Statutes, 1879, section 1667, " a sentence of imprisonment in the penitentiary for a term less than life suspends all civil rights of the person so sentenced during the term thereof." This deprives such person of the power of alienating or incumbering his property during the term of his sentence of imprisonment. A mortgage executed by one while undergoing such sentence is void.

*Appeal   from   Pettis   Circuit   Court.*—HON.   J.   P. STROTHER, Judge.

REVERSED.

*L. L. Bridges* and *E. J. Smith* for appellants.

A man who is convicted and while serving a term in the penitentiary for felony cannot execute a mortgage, as was done in this case, and such mortgage is void.   The second declaration should have been given. R. S. sec. 1767 ; *Presburry v. Hull*, 34 Mo. 29 ; *Platner v. Sherwood*, 6 Johns. Ch. 118.

*W. W. S. Snoddy* for respondents.

BRACE, J.—This is an action in ejectment to recover possession of a forty-acre tract of land in Pettis county. The case was tried by the court without a jury.   The plaintiffs obtained judgment in the circuit court, and the defendants appealed.

Plaintiffs' claim title under a mortgage deed with power of sale executed by John L. Williams to A. W. Anthony, dated October 15, 1879, to secure the payment of a note for three hundred dollars to said Anthony, executed by the said Williams and the plaintiffs as his sureties ; and a deed from said Anthony to them in pursuance of sale made by him as such mortgagee on the first of January, 1880. On the fifth of June, 1879, the said Williams was convicted in the circuit court of Morgan county of a felony, and sentenced to the penitentiary for a term of years. The mortgage deed was executed by Williams at the instance of the plaintiffs after he was sentenced and while he was in the penitentiary serving out his term of imprisonment, and while a suit was pending in the circuit court of Pettis county, instituted by his wife for a divorce from him on the ground of his conviction and sentence for felony aforesaid. In the petition in the divorce suit, she set u p that the title to the premises in controversy was in the name of her said husband, but that the property came to him by reason of his marriage with her and was wholly paid for by money which she inherited from her father's estate, and praying that the same might be vested in her. At the May term, 1880, of said court a divorce *a vinculo* was granted Mrs. Williams, the court finding that the land in controversy came to said defendant, her husband, by reason of his marriage with her, and that the same was wholly paid for by money inherited from her father's estate, and decreeing that said land " be divested out of defendant and vested in plaintiff herein." Afterward, in the year 1882, the defendant Shackleford and Mrs. Williams intermarried ; of which marriage a child was born, who is still living. Before the institution of this suit, Shackleford's wife died and he is in possession of the premises by his tenant, his co-defendant, as tenant by the curtesy of his deceased wife's real estate.

" A sentence of imprisonment in the penitentiary

for a term less than life suspends all civil rights of the person so sentenced during the term thereof * * * and the person sentenced to such imprisonment for life shall thereafter be deemed civilly dead." R. S. 1879, sec. 1667. "No conviction of any person for any offense whatever shall work corruption of blood or any forfeiture of any estate or any right or interest therein." Sec. 1669.

The effect of these provisions is to preserve the inheritance of a convicted felon from forfeiture through corruption of blood; but to deprive him of the power of alienating or incumbering his property during the term of his sentence of imprisonment. The state makes provision for his personal necessities, and the law provides, if he be a convict for life, for the administration and disposal of his estate the same "as if he were naturally dead." R. S. sec. 6543. And, if he be a convict for a term of years, for the management and administration *sub modo*, of his estate upon the application of his relatives or creditors, or his wife's relatives, by a trustee to be appointed by the circuit court. R. S. sec. 6544. In such trustee, when duly qualified as the law directs, "all the estate, property rights in action and effects of such imprisoned convict shall be vested in trust for the benefit of creditors and others interested therein." Sec. 6548. And who may, by order of the court appointing him, at any time sell, lease or mortgage the real estate "whenever the same shall be necessary for the payment of debts, or the support and maintenance of the family or the education of the children of such convict." Sec. 6550. And "whenever any such imprisoned convict shall be lawfully discharged from his imprisonment the trustees so appointed shall deliver up to him all his estate real and personal," etc. Sec. 6565.

The right of exclusive individual dominion over property is a civil right, the creature of organized

society, the right of a citizen of an organized government, and this right, under our laws, cannot be forfeited by attainder of felony. In the case of a convict felon for life it is transmitted from him to his heirs or legal representatives. In the case of a felon convict for a term of years, it is suspended during the term of his imprisonment unless transmitted *ad interim* to a trustee under the provisions of the statute, to be exercised for the benefit of his family and creditors, and to be resumed again when he is discharged.

It follows that Williams had no power to execute the deed to Anthony while a convict in the penitentiary serving his term for a felony. It was absolutely void, and conferred no title on Anthony and he conveyed none to the plaintiffs by his deed. The court erred in refusing the second declaration of law asked for the defendants, the giving of which would have so held and resulted in a finding and judgment for the defendants. And for this error the judgment is reversed. This ruling renders a consideration of the defendants' title unnecessary. All concur, except BARCLAY, J., not sitting.