## THOMAS B. WARD, Appellant, v. MRS. J. W. MORTON.

### Division One, June 16, 1922.

1. **QUIETING TITLE: Suit Against Paroled Convict: Res Adjudicata.** Notwithstanding the words of the statute (Sec. 2291, R. S. 1919) declaring that "a sentence of imprisonment in the penitentiary for a term less than life suspends all civil rights of the persons so sentenced during the term thereof," a suit to quiet title may be maintained against the alleged owner of lands, who, although convicted and sentenced to a term of imprisonment in the penitentiary, on the day of his conviction and sentence was paroled, was never incarcerated, was not taken into custody by the sheriff, but allowed to remain at large and finally discharged by the court; and a judgment rendered against him by default after personal service is valid, since he was under no actual restraint and had full opportunity to appear in court and present his defense. The parole operated to hold in abeyance the suspension of his civil rights and other legal consequences contemplated by said statute, and the judgment of conviction, at least in so far as it affected the validity of transactions affecting his property, was stayed until his actual imprisonment began.

2. ————: ————: **Appointment of Trustee.** The court is powerless to appoint a trustee to appear and defend a suit to quiet title for a paroled convict who has never been incarcerated, for the reason that the statute (Sec. 2297, R. S. 1919) provides that a trustee may be appointed only upon the production of a "copy of the sentence, duly certified, and satisfactory proof that such convict is actually imprisoned under said sentence."

3. ————: ————: **Effect of Parole.** The provisions of Section 2291, Revised Statutes 1919, first enacted in 1835 and declaring that "a

Ward v. Morton.

sentence of imprisonment in the penitentary for a term less than life suspends all civil rights of the persons so sentenced during the term "thereof," must be read in connection with Section 4157, enacted in 1917 and declaring that "the court shall have no power to parole any person after he has been delivered to the warden of the penitentiary," and with Section 4158, declaring that upon the termination of a parole "the time such person shall have been at large upon parole shall not be counted as a part of the term of his sentence, but the time of his sentence shall count from the date of his delivery to the warden of the penitentiary;" and these statutes, when so read together, mean that the sentence of imprisonment mentioned in Section 2291 has reference only to cases in which the person convicted has been actually imprisoned, and not to cases in which he is at liberty under an unterminated parole; and consequently, a defendant who had been convicted and sentenced to a term of imprisonment in the penitentiary, and on the same day paroled by the court and never taken into custody by the sheriff or incarcerated, cannot, by pleading said Section 2291, avoid the effect of a judgment in a suit to quiet title to land brought against him while he was at liberty under said parole.

4. **SUMMONS: Eleven Days' Service: Return Term: Continuance.** Where the summons in the tax suit was returned eleven days before the next term, and the cause was continued, a judgment rendered at said succeeding term was not void. Service of summons had less than fifteen days prior to the return date did not render the process void, notwithstanding the provisions of the statute (Sec. 1183, R. S. 1919) that if the first day of the term be within fifteen days after the date of summons the writ "shall be made returnable on the first day of the second term."

5. ———: **Served by Initials.** Where both the petition and summons recited the name of the defendant in the tax suit as "Thomas B. Ward" a personal service of the summons on "T. B. Ward" did not affect the validity of the judgment.

6. **JUDGMENT: Tax Suit: Delinquent Years: Collateral Attack.** A judgment for delinquent taxes cannot be collaterally attacked, and in a suit to quiet title will not be held to be void because it fails to designate the particular year for which the taxes were due.

7. **EVIDENCE: No Objection.** Where no objection was made to the admission of certain evidence at the time it was offered in the course of the trial, any alleged error in admitting it will not be considered on appeal.

Appeal from Pemiscot Circuit Court.—*Hon. Sterling H. McCarty*, Judge.

AFFIRMED.

*N. C. Hawkins* for appellant.

(1) The tax judgment was void and so was the deed to McLarty because appellant was sentenced to the penitentiary at the time they were made. Sec. 2291, R. S. 1921; Williams v. Shackelford, 97 Mo. 322; Mc-Laughlin v. McLaughlin, 228 Mo. 642; Murphy v. Barron, 275 Mo. 282, 205 S. W. 49; State v. Hockett, 129 Mo. App. 447; Gray v. Gray, 104 Mo. App. 520; 13 C. J. sec. (11) 6, (12) 7. (2) The court erred in the admission of testimony: (a) The deed of plaintiff to Dorothy McLarty. At the time of the making of this deed plaintiff had been sentenced to the penitentiary of this State and his said deed was a nullity and void and conveyed no title to Mrs. McLarty. Sec. 2291, R. S. 1919; Williams v. Shackelford, 97 Mo. 322; McLaughlin v. McLaughlin, 228 Mo. 644; Murphy v. Barron, 275 Mo. 282. (b) The judgment and special finding of facts in McLarty v. Griggs were erroneously admitted, and of no probative value. Ward was not a party to that suit and does not claim under McLarty. Wimpley v. Lawyerner, 208 S. W. 54; Hayti Dev. Co. v. Clayton, 219 S. W. 601. (c) The admission as to the condition of the estate of Wm. A. Ward, Sr., had no probative value inasmuch as this land was not sold through the probate court, nor as the property of Wm. E. Ward, Sr. (3) The tax judgment was void as to the plaintiff; the court had no jurisdiction over the person of this plaintiff, one of the defendants named in the tax suit. (a) The summons were issued on July 6, 1916, to the July term to convene July 17, 1916, eleven days hence. This was in violation of the law. Sec. 1183, R. S. 1919. (b) The plaintiff herein was sued in that tax suit in the name of Thomas B. Ward. The summons was served on T. B. Ward; this gave no jurisdiction to render a judgment in a tax suit against the lands of Thomas B. Ward. (c) As to this land the

judgment failed to state the year for which the taxes were due.    Sec. 12496, R. S. 1919; Bland v. Windsor, 187 Mo. 108.

*Ward & Reeves* for respondent.

(1) To make defendant's deed or a judgment against him void, he must be incarcerated in the penitentiary.    Every case cited by appellant is a case where the judgment had or the instrument executed was while the party was actually in the penitentiary, and the reasons ·given in every opinion is that the statute was intended to protect him when the State had him in custody, so that he could not attend to his affairs.    (a) No case in this State can be found where the statute was applied when the party was pardoned, paroled or was out on bond pending his appeal.    (b) Section 2291 relied on by appellant, is an old statute passed before any authority was given to the court to parole a person convicted, and it must be read and construed now in the light of the parole law.    Section 2291 was enacted in 1835    R. S. 1835, sec. 214; Section 4157 was enacted in 1907.    Laws 1907, p. 385.    (c) A statute suspending civil rights of a convict confined in prison, is highly penal and should not be extended by implication or construction.    13 C. J. p. 915, sec. 2; Bowles v. Haberman, 95 N. Y. 346.    A sentence to the penitentiary for a term of years does not make void a conveyance duly executed by the convict before the imprisonment under the sentence and while execution of the judgment of conviction is stayed pending an appeal to the Supreme Court.    Harmon ·v. Bowers, 78 Kan. 135, 17 L. R. A. (N. S.) 502; Secs. 2295, 2320, R. S. 1919; Williams v. Shackelford, 97 Mo. 324; McLaughlin v. McLaughlin, 228 Mo. 644; Murphy v. Barron, 275 ·Mo. 292. (2) Plaintiff having conveyed his interest to McLarty and defendant's grantor being sued by plaintiff's grantee, both plaintiff and defendants are in privity and bound by this decree of title. (3) This

tax judgment and deed upon sale under execution are not void. (a) The suit was filed more than fifteen days before the first day of the July term of court, and being a tax suit, the case was triable on fifteen days' service, and the procedure in tax suits is not wholly governed by the general civil procedure. Besides, the process, though issued within fifteen days of the first day of court, was not void, and service had within fifteen days rendered the case not triable, but subject to continuance to the next term, which was done in this case. Secs. 1184, 12495, R. S. 1919; State ex rel. Stogesdell v. Evans, 53 Mo. App. 665. (b) Personal service on T. B. Ward is presumed to be the person named in the summons, Thomas B. Ward. Secs. 1560, 2217, R. S. 1919; Burch v. Rogers, 3 Mo. 227; Noland v. Taylor, 131 Mo. 224; Elrod v. Carroll, 202 S. W. 4. (c) The tax deed in question was not void because the judgment fails to state the year the taxes were found due. The petition showed the year. The tax bill showed the year. This tax deed could not be collaterally attacked in this matter.

ELDER, J.—This is an action to determine title to an undivided one-fourth interest in forty acres of land in Pemiscot County.

The Petition is in two counts. The first count alleges the ownership of plaintiff and that defendant is claiming adversely thereto; that on July 1, 1916, the Collector of Pemiscot County filed an action in the circuit court of said county against Thomas B. Ward, plaintiff herein, William A. Ward, Jr., Mattie M. Coppedge and Dorothy McLarty, to collect delinquent taxes on the forty-acre tract in question; that summons therein was not issued until July 6, 1916, the same being made returnable to the third Monday in July, 1916, to-wit, the 17th day of July 1916, or eleven days subsequent to the issuance of said summons; that said summons was served on July 7, 1916, on T. B. Ward, W. A. Ward, M. M. Coppedge and D. Ward; that none of the persons named

as defendants in said suit appeared either in person or by attorney, and at the July, 1916, term of said circuit court the cause was continued on account of insufficient service; that on December 14, 1916, at the November, 1916, term of said ·court a judgment was rendered by default in favor of plaintiff and against the defendants in said cause; that thereafter execution was issued on said judgment, and on August 1, 1917, the Sheriff of Pemiscot County sold the land in question to R. L. Ward for $800 and made a sheriff's tax deed therefor; that said R. L. Ward at the time he bought said lands was the attorney for the defendants in said tax suit and did not have their authority or permission to buy said land; that on November 9, 1917, said R. L. Ward sold said lands by deed to one Joe Griggs for $1000; that on February 3, 1919, said Griggs sold said lands by deed to one G. C. Stephens for $2000; that on December 3, 1919, said Stephens sold the same to defendant herein for $3000, and defendant now claims through and under such chain of title.

The first count of the petition further alleges that on December 30, 1914, plaintiff was sentenced by the Circuit Court of Pemiscot County to serve a term of two years' imprisonment in the Missouri penitentiary, for a felony, and on the same day was also sentenced by the same court, in a different case, to another two years' term of imprisonment in the Missouri penitentiary, said latter sentence to be cumulative and to begin at the expiration of the first sentence; that no appeal was ever taken from said judgments and plaintiff served the term imposed, until he was released on November 18, 1918, and restored to citizenship; that the said Circuit Court of Pemiscot County did not appoint any guardian or trustee for plaintiff to appear for him and protect his interests in the tax suit aforesaid, and that by reason of the sentences aforesaid he was unable to appear for himself or procure anyone to appear for him. The petition then sets up the invalidity of the tax judgment, avers that defendant has not paid any taxes on the lands involved, and that

the persons from whom defendant bought the same have had the use and benefit of the profits therefrom, and states that plaintiff is ready and willing to pay whatever amount of taxes with interest may be determined should be paid by him. The count concludes with a prayer that title to the land be tried and ascertained.

The second count of the petition is an action in ejectment, being conventional in form.

The answer as to both counts is a general denial. The answer also avers that defendant is the owner of the land in suit, having acquired by mesne conveyances from Joe Griggs; that in 1918 plaintiff made a deed to the said land conveying all his interest therein to his sister, Dorothy McLarty; that said Dorothy McLarty brought suit against the then owner of the land, Joe Griggs, and that at the March term, 1918, of the Circuit Court of Pemiscot County a judgment was rendered adjudging title to be in said Joe Griggs; that thereafter said Griggs conveyed said land, and it came down through warranty deed to plaintiff. The plea of *res adjudicata* is then set up. The answer further pleads an estoppel, alleging that plaintiff knew of the tax sale mentioned in the petition, that he knew of the judgment rendered in the suit brought by McLarty against Griggs, that he has paid no taxes on said land and made no claim thereto, and that by his acquiescence and silence he has caused plaintiff to purchase said land and make valuable improvements thereon.

The reply denies the allegations of the answer, and avers that plaintiff was not a party to the action of McLarty against Griggs, and that neither McLarty nor Griggs obtained anything by the deed from plaintiff to McLarty, for the reason that at the time of making such deed plaintiff was under sentences for felony as pleaded in the petition.

The cause was submitted to the court without the intervention of a jury.

Plaintiff introduced in evidence the petition, summons, and sheriff's return in the tax suit brought by

Chas..R. Pierce, Collector of Pemiscot County, against plaintiff and others; also the record entry of the judgment rendered in said cause, showing a judgment by default against defendants for $192.29, rendered December 14, 1916; also deed from S. E. Juden, Sheriff of Pemiscot County, to R. L. Ward, dated August 1, 1917, reciting a consideration of $800, and conveying the land in controversy.

Plaintiff next introduced in evidence general warranty deed, dated November 9, 1917, from R. L. Ward and wife to Joe Griggs, consideration $1000, conveying the land in suit; also general warranty deed, dated October 15, 1918, from Joe Griggs to G. C. Stephens, consideration $4000, conveying the land in question and other land; also general warranty deed, dated December 3, 1919, from G. C. Stephens and wife to Mrs. J. W. Morton, defendant herein, consideration $3000, conveying the land in controversy.

Plaintiff then offered in evidence a judgment of conviction, rendered December 30, 1914, sentencing plaintiff to imprisonment for a term of two years in the Missouri penitentiary; also another judgment of conviction, rendered the same day, sentencing plaintiff to imprisonment for a like term of two years in the penitentiary, such term to be cumulative and to begin at the expiration of the first sentence imposed; also a pardon granted plaintiff by Frederick D. Gardner, Governor of Missouri, dated October 1, 1919, restoring plaintiff to all of his civil and political rights and the rights of citizenship; also a stipulation to the effect that on December 30, 1914, when convicted and sentenced, plaintiff had been paroled for four years, that he was never incarcerated in the penitentiary, that he never served any time under either of the sentences pronounced, that he was not taken charge of by the sheriff at any time, but that he was allowed to remain at large and was finally discharged by the court.

It was admitted that William A. Ward, father of plaintiff, was the original owner of the land involved

herein; that he died March 25, 1912, leaving a widow and four children, to-wit, Thomas B. Ward, the plaintiff, Mattie M. Coppedge, William A. Ward, Jr., and Dorothy Ward, afterwards Dorothy McLarty; that prior to the filing of the instant suit the widow died; that the administration of William A. Ward's estate was finally settled, and all of his land was sold to pay debts, except that in controversy, which was sold for taxes.

To sustain the issues for defendant there was introduced in evidence a warranty deed from plaintiff and wife, Mattie M. Coppedge and husband, and William A. Ward, Jr., and wife, to Dorothy McLarty, dated February 15, 1918, consideration one dollar, conveying the land here involved and other lands; also the petition, summons, return of sheriff, and answer in the suit of Dorothy McLarty against Joe Griggs, filed February 16, 1918, being a suit to quiet title to the land in question and other lands; also the judgment and findings of fact in said case, whereby it was adjudged that Dorothy McLarty had no title, the court finding that said McLarty had, on February 15, 1918, received a deed to the land in question from plaintiff and wife, William A. Ward, Jr., and wife, and Mattie M. Coppedge and husband, but that she had obtained no title thereby as the interest of the grantors had been acquired by R. L. Ward under the tax suit brought by the collector of Pemiscot County, and had subsequently been conveyed by said Ward to Joe Griggs, in whom the court held title was then well vested.

Defendant also offered in evidence the motion for a new trial in the suit of McLarty versus Griggs, the order overruling the same, and the mandate of this court affirming the judgment rendered in said suit. [See opinion in 222 S. W. 391.]

The foregoing constituted substantially all the evidence offered in the case. The judgment was for defendant on both counts of the petition. From this judgment plaintiff has appealed.

I.   Plaintiff contends that the court erred in find-
ing for defendant, for the reason that the judgment
rendered in the tax suit of Pierce, Collector,
against plaintiff and others, and the deed from
plaintiff and others to Dorothy McLarty, are
both void, because plaintiff was under sentence to the
penitentiary at the time said judgment was rendered
and said deed was made.

<span style="float:left">Paroled<br>Convict.</span>

In support of the contention urged, plaintiff cites
Section 2291, Revised Statutes 1919, which provides
that "a sentence of imprisonment in the penitentiary
for a term less than life suspends all civil rights of the
persons so sentenced during the term thereof," etc.
Plaintiff also cites Williams v. Shackelford, 97 Mo. 322,
which holds that a mortgage executed by a convict while
in the penitentiary is void; McLaughlin v. McLaughlin,
228 Mo. 635, which rules that in a divorce suit by a wife
against her husband who is confined in the penitentiary,
no valid decree can be entered investing the wife with
title to the husband's real estate unless the husband is
represented in court by a trustee; and Murphy v. Bar-
ron, 275 Mo. 282, which holds that a judgment for taxes
obtained against an owner of land incarcerated in the
penitentiary is void and a sale under execution does
not affect the legal title.

In all of the cases cited by plaintiff the person
whose property was affected was actually confined in
the penitentiary at the time the judgment was rendered
or the conveyance was executed.   The underlying rea-
son upon which each of the adjudications was predicated
was that, while in custody, a convict is prevented from
attending to his affairs and the statute has therefore
provided a method by which his property may be pro-
tected and preserved.   This method finds expression in
Section 2297, Revised Statutes 1919, which provides for
the appointment of a trustee to care for the estate of
the convict while incarcerated.   Subsequent sections de-
fine the powers and duties of the trustee.

In the case at bar, however, it will be noted that plaintiff was never taken into custody, was never confined for a day in the penitentiary, but was allowed to remain at large at all times under a parole until finally pardoned and discharged. The deed executed by him to Dorothy McLarty was made while he was under no actual restraint as to his liberty. In the tax suit he was personally served (as we shall hereinafter point out), and from all that appears had full opportunity to appear in court and present his defense, if defense he had. Furthermore, even though application for the appointment of a trustee to represent his estate had been made, the court would have been powerless to act for the reason that Section 2297 provides that a trustee may be appointed only ''upon producing a copy of the sentence, duly certified, *and satisfactory evidence that such convict is actually imprisoned under such sentence.*'' (Italics ours). This evidence it would have been impossible for plaintiff to have produced. We are therefore of the opinion, and so hold, that under the circumstances plaintiff was not entitled to the benefit of the statute providing for the management and administration of the estates of convicts by a trustee appointed for that purpose. The duty devolved upon plaintiff to protect the title to his property.

Even though it be argued that Section 2291 suspended all civil rights of plaintiff, and that therefore, while under sentence, he could not execute a valid conveyance, and judgment could not be rendered against him, nevertheless, we maintain the view that the parole operated to hold in abeyance the legal consequence contemplated by said section, at least in so far as the validity of transactions affecting plaintiff's property is concerned. While we find no authority directly in point in this State, we do find precedent by analogy in other jurisdictions. Thus in Harmon v. Bower, 17 L. R. A. (N. S.) 502, under statutes of Kansas almost identical with those of Missouri, it was held that the suspension of the civil rights of a person sentenced to the peniten-

tiary for a term less than life did not begin until the date of actual imprisonment under the sentence, and that a deed executed before confinement, and while execution of the judgment of conviction was stayed by an appeal, was valid. In Ex parte Jones and Ellwood, 41 Cal. 209, it was held that a convict released on bail was not to be considered imprisoned during the time of such release. In 13 C. J. 915, the rule is laid down that "the statutory disabilities" (suspension of civil rights) "continue only during the imprisonment."

Again, Section 2291 first appears in the Revised Statutes of 1835, Article IX, Section 19. The parole law (Sec. 4157, R. S. 1919) was first enacted in 1897 (Laws 1897, p. 71). By Section 4157 it is provided that "the court shall have no power to parole any person after he has been delivered to the warden of the penitentiary." Section 4 of the Act of 1897 (now Sec. 4158, R. S. 1919) provides that upon the termination of a parole "the time such person shall have been at large upon parole shall not be counted as a part of the term of his sentence, but the time of his sentence shall count from the date of his delivery to the warden of the penitentiary." Section 2291 must be construed in the light of Sections 4157 and 4158 enacted subsequent thereto. It would accordingly seem to follow that the sentence of imprisonment mentioned in Section 2291 has reference only to cases where the person convicted has been actually imprisoned and not to a case where he is at liberty under an unterminated parole.

We therefore rule against plaintiff on the error assigned. Such ruling necessarily operates as a disallowance of plaintiff's second contention that the court erred in admitting in evidence the deed from plaintiff and others to Dorothy McLarty.

II.    Plaintiff urges that the tax judgment was void as to plaintiff for the reason that summons **Summons: Return.** was issued on July 6, 1916, returnable to the July term to convene on July 17, 1916, eleven

days thereafter, in violation of Section 1183, Revised Statutes 1919.

Section 12945, Revised Statutes 1919, relating to actions for delinquent taxes, provides that "the general laws of the State as to practice and proceedings in civil cases shall apply, so far as applicable and not contrary to this chapter."

Section 1184, Revised Statutes 1919, provides that if a writ of summons be served less than fifteen days before the return day, the defendant "shall be bound to appear at the term next after the return term of such writ." In the case at bar the term next after the return term was the November term, 1916.

In State ex rel. Stogsdell v. Evans, 53 Mo. App. 663, l. c. 665, the rule is enunciated that "all tax suits are triable at the return term of the writ, *unless continued for good cause shown.*" (Italics ours).

The abstract of record before us shows that plaintiff introduced in evidence the judge's docket entry in the tax suit in question, the same being as follows: "Case No. 4824. Plff's Atty. Wm. C. Wilks. Parties: State ex rel. v. Wm. A. Ward et al. Kind of Action: Taxes. Record of last term: Continued for want of sufficient service. Disposition: Judgment, December 14, 192.29." There was also introduced in evidence the record entry in the clerk's minute book bearing date December 14, 1916, as follows: "No. 4824. Judgment by default for $192.29, 10% int." The judgment entry as recorded bore date as follows: "Thursday, the 20th day of the term and the 14th day of December, 1916." The return of the sheriff on the summons issued was as follows: "Executed the within writ in the County of Pemiscot and State of Missouri on the 7th day of July, A. D. 1916, by delivering a true copy of the within writ together with a copy of the petition to T. B. Ward, he being first served," etc.

From the foregoing it is evident that the summons having been served less than fifteen days prior to the return day, the court continued the cause for want of

sufficient service to the following, November, term. Plaintiff was personally served more thaň fifteen days prior to such succeeding term, but made default and judgment was rendered against him accordingly. Under this state of facts, and under the authorities above mentioned, we are of the opinion, and so hold, that service of summons had less than fifteen days prior to the return date did not render the process void, notwithstanding the provision of Section 1183 that if the first day of the term be within fifteen days after the date of the summons, the writ "shall be made returnable on the first day of the second term." Under Section 1184 plaintiff was bound to appear at the November term, to which term the suit had been continued for the cause evidenced by the entry on the court's docket.

The point is ruled against plaintiff.

III. Plaintiff insists that the tax judgment was void for the reason that he was sued in the name of "Thomas B. Ward" and summons was served on "T. B. Ward." There is no merit to this insistence.

Name.

Section 1550, Revised Statutes 1919, provides that no judgment rendered upon failure to answer shall be impaired or in any way affected "for any mistake in the name of any party or person . . . when the correct name shall have been once rightly alleged in any of the pleadings or proceedings." In the case at bar both the petition and the summons recites the name of plaintiff as "Thomas B. Ward," which is evidently the correct name of plaintiff.

Section 2217, Revised Statutes 1919, provides that in any court proceeding affecting title to real estate, where any variation in initials or abbreviations occurs in the name of any of the parties, "such person or persons shall be presumed, until the contrary appears, to be the same person or persons claiming title to the real estate affected by such proceedings."

In Birch & Haden v. Rogers, 3 Mo. 126, where a suit was commenced in the name of Charles R. Rogers, and

the note in evidence was assigned to C. R. Rogers, it was held that ''the court·should take notice of the frequency of the practice of abbreviating the given names of men, and that the letter C being the initial of Charles might well be intended for an abbreviation of Charles.''

In State v. Priest, 215 Mo. 1, in a prosecution under an indictment against W. B. Priest, a judgment of former conviction against Wm. B. Priest read in evidence was held to have been properly admitted.

In 29 Cyc. 269, it is said that ''the use of initials, however, instead of a Christian name, before a surname, is a common practice, and has come to be recognized as a sufficient statement of the person's name.'' See also Elrod v. Carroll, 202 S. W. (Mo.) 4; Ferguson v. Smith & Dunham, 10 Kan. 396; Gottlieb v. Alton Grain Co., 87 N. Y. App. Div. 380; Minor v. State, 63 Ga. 318; State v. Taggart, 38 Me. 298; Carleton v. Rugg, 149 Mass. 550, all of which cases sustain the same doctrine.

IV. Plaintiff contends that the judgment rendered **Judgment: Delinquent Years.** in the tax suit was void for the reason that the same failed to state the year for which the taxes were due.

An examination of the record shows that in rendering judgment the court found that ''there are due and unpaid delinquent taxes, including interest thereon on each tract of the following described real estate situate in Pemiscot County, Missouri, for the years and amount set opposite each tract, viz:'' Then follows a description of various tracts of property, with the year and amount due set out opposite thereto. With respect to the land involved herein the space for the year is left blank.

The petition recites that the taxes sued for were for the year 1914. The order of the court was that ''the petition of plaintiff against defendant be taken as confessed.'' Judgment was rendered by default, pursuant to the allegations contained in· the petition. It has been held that in an action for delinquent taxes the judgment rendered cannot be collaterally attacked. [Jones v. Dris-

kill, 94 Mo. 190; Gibbs v. Southern, 116 Mo. 204.] The instant suit being but a collateral attack upon the judgment in question, the point urged by plaintiff cannot be sustained.

V.   We have considered the remaining points raised by counsel for plaintiff, but do not deem them of sufficient importance to extend this opinion further. The alleged errors of the trial court in admitting certain evidence complained of is not before us for review, as no objection was made to the offering. Finding no error in the record, the judgment of the Circuit Court should be affirmed.

· It is so ordered. *Graves* and *James T. Blair, JJ.,* concur.