No. 38,165

First National Bank In Wichita, a corporation, *Appellant*, v. J. A. Bryant (Defendant), and Fourth National Bank In Wichita, a corporation (Garnishee Defendant) *Appellees.*

(228 P. 2d 534)

Opinion filed March 10, 1951.

*Homer V. Gooing,* of Wichita, argued the cause and *Howard T. Fleeson, Wayne Coulson, Paul R. Kitch, Dale M. Stucky,* and *Donald R. Newkirk,* all of Wichita, were with him on the briefs for the appellant.

*E. E. Sattgast,* of Wichita, argued the cause and *John Madden, Jr.,* of Wichita, was with him on the briefs for the appellee.

The opinion of the court was delivered by

Smith, J.: This was an action to recover money which had been obtained by the alleged fraud of the defendant. The question with which this appeal is concerned involves garnishment proceedings. The trial court refused to set aside an order dissolving a garnishment order. The plaintiff has appealed.

The facts are as follows: The plaintiff sued the defendant and filed garnishment proceedings against a number of banks in Wichita. The Fourth National Bank answered on June 28, 1948, that it had money of the defendant. On October 22, 1948, the trial court overruled a motion of defendant to quash the service of summons on him. On December 2, 1948, the trial court heard a motion of the defendant to dissolve the garnishment on the Fourth National Bank. On February 2, 1949, this motion was sustained. The plaintiff appealed from that order. The appeal was dismissed in this court because it had not been taken in time. (See *First National Bank v. Bryant,* 168 Kan. 471, 213 P. 2d 1002.) On February 1, 1950,

the plaintiff filed a motion to vacate the order dissolving the garnishment that had been issued on February 2, 1949, and to appoint a guardian or trustee to represent defendant Bryant. The grounds for this motion were that the defendant had been convicted of a felony on January 10, 1949, and sentenced to confinement and hard labor for a term less than life. The motion alleged that on the same day the defendant was committed and began serving his sentence. The motion alleged that by this sentence all civil rights of the defendant had been suspended and the order of February 2 was void. The record of the conviction and sentence of the defendant was admitted in evidence. The return of the marshal on the commitment shows that the defendant was delivered on February 3, 1949, to the warden of the United States Penitentiary at Leavenworth, Kan. The motion to set aside the order of February 2 was denied and the plaintiff has appealed.

The basis of this appeal is that under the terms of G. S. 1949, 21-118, all civil rights of the defendant were suspended when he was sentenced on January 10th. That section provides as follows:

"A sentence of confinement and hard labor for a term less than life suspends all civil rights of the person so sentenced during the term thereof, and forfeits all public offices and trusts, authority and power; and a person sentenced to such confinement for life shall thereafter be deemed civilly dead."

The defendant makes a persuasive argument here that G. S. 1949, 21-134, which provides "The right and power to make contracts in respect to their property, both real and personal, is hereby conferred on all persons confined in the penitentiary for a period less than life as fully and completely as if their civil rights were not suspended" prevents G. S. 1949, 21-118, from having the effect argued for by appellant. We find it unnecessary to decide that interesting question, however. The record shows that the defendant was not delivered to the warden of the federal penitentiary until February 3, one day after the making of this order. The loss of civil rights attendant upon a person being sentenced to hard labor in the penitentiary for less than life does not take place until the person sentenced has actually begun serving his sentence. (See *Harmon v. Bowers,* 78 Kan. 135, 96 Pac. 51; *Handrub v. Griffin,* 127 Kan. 732, 275 Pac. 196; also *Everly v. Byrd,* 159 Kan. 187, 152 P. 2d 831.)

The judgment of the trial court is affirmed.