No. 44,111

Tommy Hammett a/k/a Tommie Hammett, *Appellant*, v. San Ore Construction Company, Inc., and Jerry Dennison, *Appellees*.

(402 P. 2d 820)

Opinion filed June 12, 1965.

*Roy E. Williams*, of Kingman, argued the cause, and *David H. Heilman*, of Council Grove, was with him on the briefs for the appellant.

*Robert C. Martindell*, of Hutchinson, argued the cause, and *D. C. Martindell*, *W. D. P. Carey*, *J. R. Hunter*, *H. H. Dunn*, *W. B. Swearer*, *E. F. Cabbage*, and *L. L. Anderson*, all of Hutchinson, were with him on the briefs for the appellee, San Ore Construction Company, Inc.

*John F. Hayes*, of Hutchinson, argued the cause, and *Robert J. Gilliland* and *Victor D. Goering*, both of Hutchinson, were with him on the briefs for appellee, Jerry Dennison.

The opinion of the court was delivered by

Parker, C. J.: The all-decisive question involved in this case is whether the plaintiff (Tommy Hammett a/k/a Tommie Hammett), who is imprisoned in the Kansas State Penitentiary for a term less than life, may institute or maintain the instant action against the defendants (San Ore Construction Company Inc., and Jerry Dennison) to recover damages for personal injuries alleged to have been sustained by reason of their negligence.

The salient facts upon which the rights of the parties must stand or fall are not in dispute and will be highly summarized.

In a petition filed in the district court of Reno County on November 6, 1963, and subsequently amended, plaintiff alleged that he received severe and lasting injuries as a result of an accident

occurring October 15, 1962, by reason of the defendants' negligence and prayed for judgment against such defendants in the amount therein stated.

Subsequent to the filing of the petition interrogatories were served upon plaintiff among which was the following:

"4. If your present address is Kansas State Penitentiary, Lansing, Kansas, state if you are under sentence of a Court, and if so, the crime of which you were adjudged guilty and the term of your sentence, and the date you were sentenced."

The foregoing interrogatory was answered by the plaintiff as follows:

"4. The plaintiff is under a sentence at the Kansas State Penitentiary, Lansing, Kansas, by a sentence of the District Court of Lyon County, Kansas, for the crime of second degree burglary and the sentence is for a term of not less than 5 years or more than 10 years, and of which said sentence was commenced on July 15, 1963."

Following the return of the foregoing interrogatory the defendants filed a "Motion to Dismiss" for the reason that the pleadings and documents on file in the proceeding disclosed that the plaintiff had no legal capacity to bring or maintain the action. After a hearing the trial court in a memorandum opinion sustained the "Motion to Dismiss" for the reasons therein assigned.

Thereupon plaintiff perfected the instant appeal and brings the case to this court under the following statement of points:

"1. The Court erred in ruling that the plaintiff lacked capacity to sue.

"2. The Court erred in dismissing the plaintiff's petition in the above entitled action.

"3. The Court erred in stating that the civil rights of the plaintiff were suspended."

Appellant's claim with respect to point 3 lacks merit and cannot be upheld.

Since 1868 our statute (now K. S. A. 21-118) has specifically provided that: "A sentence of confinement and hard labor for a term less than life suspends all civil rights of the person so sentenced during the term thereof, . .. ."

Moreover, almost from the date when it was first enacted, this court has always recognized, by inference if not directly, that the foregoing quoted provisions of 21-118, *supra,* mean exactly what they say.

See, e. g., *Harmon v. Bowers* 78 Kan. 135, 96 Pac. 51, where it is held: "The suspension of the civil rights of a person sentenced

to the penitentiary for a term less than life begin at the date of his imprisonment under the sentence." (Syl. ¶ 1.)

See *Handrub v. Griffin,* 127 Kan. 732, 275 Pac. 196, which holds: "The civil rights of a person sentenced to the penitentiary for a term less than life are not suspended until he is imprisoned in the penitentiary." (Syl. ¶ 1.)

See, also, *Everly v. Byrd,* 159 Kan. 187, 152 P. 2d 831, where, in construing the provisions of 21-118, *supra,* and G. S. 1935, 21-134, now K. S. A. 21-134, we said:

". . . When construed together they simply mean that even though the civil rights of the individual referred to in both sections are suspended his contracts with respect to his property when made by him are nevertheless recognized as valid and enforceable. . . ." (p. 191.)

And see *First National Bank v. Bryant,* 170 Kan. 658, 228 P. 2d 534, where it is held and said:

"The loss of civil rights attendant upon confinement in the penitentiary for a term of hard labor pursuant to G. S. 1949, 21-118, does not begin until the person sentenced is actually confined in the penitentiary." Syl. ¶ 1.)

We have little, if any, difficulty in concluding that, under the confronting facts and circumstances, appellant's claim with respect to point 1 is equally devoid of merit and must be rejected.

Under well-established authorities it is recognized (1) that the use of court process is a "civil right" within a statute providing that sentence of imprisonment in state prison for a term less than life suspends all civil rights during the term of sentence and (2) that the right to sue is a right which is suspended under a statute providing that sentence of imprisonment in state prison for a term less than life suspends all civil rights during term of sentence. See *Nastasi v. State,* 61 N. Y. S. 2d 438; *Lipschultz v. State,* 78 N. Y. S. 2d 731; *Application Of White,* 2 N. Y. S. 2d 582.

For a well-recognized legal treatise, supporting the rule announced in the foregoing decisions, see 18 C. J. S., Convicts, § 7, where the following statement appears:

"In jurisdictions where, as appears in § 4 supra, the convict does not lose his civil rights as a result of his conviction, it is held that he may sue. Such suit should be brought in his own name, and it is improper to join another person as *prochein ami. On the other hand, where the convict is regarded as losing his civil rights as a result of his conviction, it is generally held that he cannot sue while under such disability, even, in the absence of a special enabling act, to recover for injuries received during his imprisonment, although he may sue for such injuries after the completion of his term,* except as such

right to sue may be restricted by the statute of limitations. It has been held that a convict who has so lost his civil rights can maintain actions which concern his personal liberty and are based on natural rights as distinguished from legal rights." (Emphasis supplied.) (pp. 105, 106.)

In the face of what has been heretofore stated and held it simply cannot be successfully argued, as claimed in point 1, that the trial court erred in ruling that appellant had no legal capacity to maintain the action.

We are cited to, and our somewhat extended research discloses, no authorities supporting appellant's position on point 2.

However, having concluded that appellant had no legal capacity to maintain the action it necessarily follows that the trial court did not err in dismissing such action without prejudice to any rights possessed by appellant after his present sentence has been duly terminated.

The judgment is affirmed.