IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 124,849

SCOTT SCHWAB,
Kansas Secretary of State,
in His Official Capacity,
and
MICHAEL ABBOTT,
Wyandotte County Election Commissioner,
in His Official Capacity,
*Petitioners*,

v.

The Honorable BILL KLAPPER,
in His Official Capacity as a District Court Judge,
Twenty-Ninth Judicial District,
and
The Honorable MARK SIMPSON,
in His Official Capacity as a District Court Judge,
Seventh Judicial District,
*Respondents*.

SYLLABUS BY THE COURT

1.

This court has concurrent discretionary jurisdiction over original actions filed in either mandamus or quo warranto. Factors we will consider when deciding whether to exercise discretionary jurisdiction include: whether the case presents issues of significant public concern or matters of statewide importance; whether the petition presents purely legal questions or requires extensive fact-finding; or whether there is a need for an expeditious ruling.

1

**2.**

Once a court decides to exercise its discretionary jurisdiction, it next must determine whether the particular action (or each particular claim within the particular action) lies in mandamus or lies in quo warranto (or both or neither). This is a question of law. When deciding whether a particular action lies in mandamus or quo warranto, a court must consider the limited scope and nature of mandamus or quo warranto actions in conjunction with the relief sought by the petitioner. If the action does not lie, the petition for mandamus or quo warranto relief must be denied.

**3.**

After a court has decided to exercise its discretionary jurisdiction and has determined that the particular action lies in either mandamus or quo warranto, then the court will consider and rule on the merits of the claim.

**4.**

An original action seeking to compel a district court to dismiss a pending case when there is an adequate remedy on appeal does not lie in either mandamus or quo warranto.

Original action in mandamus and quo warranto. Opinion filed March 4, 2022. Mandamus and quo warranto denied.

*Brant M. Laue*, solicitor general, *Kurtis K. Wiard*, assistant solicitor general, *Shannon Grammel*, deputy solicitor general, *Dwight R. Carswell*, deputy solicitor general, *Jeffrey A. Chanay*, chief deputy attorney general, and *Derek Schmidt*, attorney general, were on the briefs for petitioners.

No briefs filed by respondents.

The opinion of the court was delivered by

STEGALL, J.: On February 14, 2022, two lawsuits seeking declaratory and injunctive relief were filed in the Wyandotte County District Court. The suits named as defendants Kansas Secretary of State Scott Schwab and Wyandotte County Election Commissioner Michael Abbott. The complaints ask the district court to rule that the congressional reapportionment map known as "Ad Astra 2" and contained in Senate Bill 355 (2022) violates the Kansas Constitution. Specifically, plaintiffs allege Ad Astra 2 is deliberately designed to elect Republicans to Congress at the expense of Democrats. In addition to the partisan gerrymander allegations, the plaintiffs also allege the Legislature racially gerrymandered the districts to intentionally dilute the minority vote. On March 1, a third lawsuit based on these same facts was filed in Douglas County District Court against Scott Schwab and Douglas County Clerk Jamie Shew. The plaintiffs in these three lawsuits claim violations of Article 5, section 1 of the Kansas Constitution and of sections 1, 2, 3, 11, and 20 of the Kansas Constitution Bill of Rights.

On February 18, 2022, the Kansas Attorney General, on behalf of Schwab and Abbott, filed in this court a petition for mandamus and quo warranto relief seeking dismissal of the two lawsuits pending before respondent, Wyandotte County District Court Judge Bill Klapper. The Attorney General subsequently filed an amended petition on March 3, 2022, adding the Douglas County action and seeking dismissal of the lawsuit pending before the respondent, Douglas County District Judge Mark Simpson.

DISCUSSION

This court has original jurisdiction in proceedings in mandamus and quo warranto as provided by Article 3, section 3 of the Kansas Constitution. "This jurisdiction is plenary and may be exercised to control the actions of inferior courts over which the

Supreme Court has superintendent authority." *State ex rel. Stephan v. O'Keefe*, 235 Kan. 1022, 1024-25, 686 P.2d 171 (1984). Our original jurisdiction is discretionary and concurrent with that of lower courts. *Ambrosier v. Brownback*, 304 Kan. 907, 909, 375 P.3d 1007 (2016).

Determining whether to exercise discretionary jurisdiction is the first duty of a court when considering a petition in mandamus or quo warranto. In exercising our discretion to accept jurisdiction over such claims, we consider several factors, including: whether the case presents issues of significant public concern or matters of statewide importance; whether the petition presents purely legal questions or requires extensive fact-finding; or whether there is a need for an expeditious ruling. See, e.g., *Board of Johnson County Comm'rs v. Jordan*, 303 Kan. 844, 850, 370 P.3d 1170 (2016) (great public importance and concern); *Stephens v. Van Arsdale*, 227 Kan. 676, 682, 608 P.2d 972 (1980) (speedy adjudications of questions of law; matter of statewide concern); *Mobil Oil Corp. v. McHenry*, 200 Kan. 211, 239, 436 P.2d 982 (1968) (speedy adjudication to expedite official business).

The validity of a legislatively enacted congressional reapportionment scheme is a matter of great public concern and statewide importance. See generally *Harris v. Anderson*, 196 Kan. 450, 412 P.2d 457 (1966) (assessing the validity of a state House of Representatives redistricting scheme under this court's original jurisdiction). Indeed, "drawing lines for congressional districts is one of the most significant acts a State can perform to ensure citizen participation in republican self-governance." *League of United Latin American Citizens v. Perry*, 548 U.S. 399, 416, 126 S. Ct. 2594, 165 L. Ed. 2d 609 (2006).

And we recognize these questions warrant a speedy resolution. Time is of the essence in resolving the issues presented in this case as the 2022 election cycle is fast

approaching. The candidate filing deadline for the primary election is June 1, 2022. See K.S.A. 2020 Supp. 25-205. The primary election is scheduled for August 2, 2022. K.S.A. 25-203(a). And the general election will be held on November 8, 2022. K.S.A. 2020 Supp. 25-101(a). Expeditious confirmation of congressional district lines benefits candidates seeking to run in congressional districts, state officials responsible for administering congressional elections in those districts, and constituents who need to know the congressional district in which they will reside.

But we also recognize the plaintiffs have made claims in the pending district court actions that may require fact-finding by the lower court. This can weigh against the discretionary exercise of jurisdiction See *Oberhelman v. Larimer*, 110 Kan. 587, 590, 204 P. 687 (1922) ("The defendants request that, if their motion to quash be denied, they be allowed time in which to answer. This indicates that questions of fact would be presented. This court is not as well equipped to try questions of fact as the district court. The remedy by mandamus in this court is not as complete as the remedy provided by law in matters of this kind.").

Considering all these factors together, we conclude that exercising our discretionary jurisdiction over this petition is in the interests of all concerned.

Having decided to exercise our discretionary jurisdiction, we turn to the second question we must address—have the petitioners properly stated a claim for relief under either mandamus or quo warranto? In the past, we have often framed this second question as asking whether an action in the nature of either quo warranto or mandamus "lies" to grant the petitioner the relief sought. See, e.g., *Lauber v. Firemen's Relief Assn. of Salina*, 195 Kan. 126, 129, 402 P.2d 817 (1965) ("Mandamus lies only to enforce a right in a clear-cut case."); *State ex rel. Schmidt v. City of Wichita*, 303 Kan. 650, 656, 367 P.3d 282 (2016) ("[Q]uo warranto generally will not lie when another plain and adequate

remedy exists."); *Stephens v. Van Arsdale*, 227 Kan. 676, 682, 608 P.2d 972 (1980) ("Mandamus will not lie to compel a public officer to perform an unauthorized act."); *Bank Commissioner v. Stewart*, 113 Kan. 402, 404, 214 P. 429 (1923) ("Mandamus will lie to compel an officer of a corporation to deliver all books, papers, documents, and property to his successor in office, or to the corporation when the officer has ceased to act as such.").

Whether a particular action lies in either mandamus or quo warranto is a question of law. See *State ex rel. Slusher v. City of Leavenworth*, 285 Kan. 438, 443, 172 P.3d 1154 (2007). Where the relief sought is not of the kind available in an action for quo warranto or mandamus, the action is said not to "lie." This is a legal determination and not subject to the discretion of this court.

We recognize our prior decisions may have caused confusion by blurring the distinction between these two questions—one discretionary question (whether to exercise jurisdiction) and one legal question (whether the petition states a valid claim for relief under our original jurisdiction). Today we state clearly that these are distinct inquiries. A court may choose to exercise its discretionary jurisdiction in an original action only to conclude—as a matter of law—that the specific petition before it does not lie in mandamus or quo warranto. And if an action does not lie in mandamus or quo warranto, the petition must be denied. This court does not have discretion to reach the merits of such a claim simply because the question presented is one of statewide importance, significant public concern, or there is a compelling need for an expeditious and authoritative ruling on an important legal question. Language in our prior decisions suggesting otherwise (or interpreted as suggesting otherwise) is expressly disapproved.

Whether a particular action lies in either mandamus or quo warranto turns on the limited scope of the original actions in question—either quo warranto or mandamus—and on the type of relief sought in the petition. Mandamus is "a proceeding to compel some inferior court, tribunal, board, or some corporation or person to perform a specified duty, which duty results from the office, trust, or official station of the party to whom the order is directed, or from operation of law." K.S.A. 60-801. A "writ of mandamus seeks to enjoin an individual or to enforce the personal obligation of the individual to whom it is addressed," and "rests upon the averred and assumed fact that the respondent is not performing or has neglected or refused to perform an act or duty, the performance of which the petitioner is owed as a clear right." *O'Keefe*, 235 Kan. at 1024. "The writ will not ordinarily issue unless there has been a wrongful performance or actual default of duty." 235 Kan. at 1024. Moreover, mandamus relief does not lie if there is an adequate remedy at law. 235 Kan. at 1025.

For mandamus to lie in this case, petitioners must show that a mandatory, nondiscretionary duty requires Judge Klapper and Judge Simpson to dismiss the cases. No such mandatory duty exists, and no clear legal duty has been violated. See *Lauber*, 195 Kan. at 129 ("[B]efore an order of mandamus may be issued it must be found that a clear legal right has been violated."). Lower courts consider questions of jurisdiction and justiciability all the time. The aggrieved party may appeal from such rulings as a matter of course. And here, Judges Klapper and Simpson have not even had the opportunity to rule. Petitioners' claim does not lie in mandamus.

Petitioners also seek quo warranto relief under K.S.A. 60-1202(1), which permits a quo warranto action to be brought in this court "[w]hen any person shall usurp, intrude into or unlawfully hold or exercise any public office." "An action in quo warranto demands that an individual or corporation show by what authority it has engaged in a challenged action." *Kelly v. Legislative Coordinating Council*, 311 Kan. 339, 344, 460

7

P.3d 832 (2020). Unlike mandamus, "a writ of quo warranto is not an order directing the defendant to perform or to cease performing a certain act; rather, it is an order directing the defendant to show by what authority he or she is acting." 55 C.J.S., Mandamus § 5.

For quo warranto relief to lie, petitioners must allege that Judge Klapper and Judge Simpson are exercising unlawfully asserted authority. But of course, even if either district judge issues an incorrect ruling, they would not be acting unlawfully. They would merely be in error, which can be readily remedied through a process of appellate review. Petitioners' claim does not lie in quo warranto.

In deciding as a matter of law that petitioners' claims do not lie in either mandamus or quo warranto, we emphasize that we do not reach, consider, or take any position on the merits of the underlying claims. We recognize that consideration of those claims may be properly before us in the ordinary course of an ordinary appeal at some time in the near future. To that end—and in view of the limited time available and the importance of the resolution of these questions—we encourage the parties in the pending district court litigation to work with the district courts to expeditiously resolve the legal questions and to present a timely appeal, should any party desire appellate review.

The amended petition in mandamus and quo warranto is denied.